## CAFFREY v. OMILAK GOLD & SILVER MIN. CO.

### No. 15,441; April 11, 1894.

#### 36 Pac. 388.

**Action for Services—Evidence.—In an Action** for services rendered by plaintiff's assignor, the complaint alleged that they were rendered at the special request of defendant. Defendant, in its answer, admitted that the services were rendered, and set out a copy of the agreement between such assignor and its manager. Held, that it was not error to admit such agreement in evidence against an objection by the defendant.

**Action for Services.—In Setting Forth the Agreement, Defend**ant alleged that it was made by G. "as" manager of defendant corporation. The agreement purported to have been made on defendant's behalf, and G. testified that he made it on behalf of defendant. Held, that an objection by defendant that it was on its face not its agreement, but the agreement of G., its manager, was not tenable.

APPEAL from Superior Court, City and County of San Francisco; John Hunt, Judge.

Action by one Caffrey against the Omilak Gold and Silver Mining Company to recover for services rendered defendant by one Taggart, plaintiff's assignor. From a judgment for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Estee & Miller for appellant; A. Morgenthal for respondent.

HARRISON, J.—The plaintiff brought this action to recover for services rendered to the defendant in Alaska by his assignor, Taggart, between September 7, 1889, and September 22, 1891, for which he alleged that the defendant had agreed to pay the sum of $75 per month for a portion of the time, and $100 per month for the remainder. The defendant, in its answer, admitted that Taggart, the plaintiff's assignor, had rendered services to it, as specified in the complaint, during a portion of this period, and set forth a copy of the agreement between him and its manager, under which the services had been rendered, and alleged that by reason of the failure of Taggart to perform his part of said agreement it had suffered

damage in excess of the amount claimed by the plaintiff for said services. The case was tried by a jury, which rendered a verdict in favor of the plaintiff. A new trial was denied by the court, and from this order and the judgment the defendant has appealed.

Upon the issue whether the services had been rendered by Taggart during the period claimed in the complaint, as well as upon the issue whether he had been faithful in such service, the evidence is conflicting, and the verdict of the jury must be accepted as conclusive against the contention of the defendant. The claim in the answer that the defendant had suffered damage by reason of the acts of Taggart in an amount greater than the alleged value of the services was an affirmative defense, in which the burden of proof was upon the defendant; and we cannot say that the jury was not authorized in finding that this defense was unsustained by the evidence. The court left to the jury the determination of these questions of fact, and no exception was taken to its instructions. The court did not err in admitting in evidence the written agreement between Taggart and the manager of the defendant. The allegation in the complaint that the services had been rendered at the special instance and request of the defendant did not preclude the plaintiff from showing that such request, or the promise to pay for such services, had been in writing, or that a written agreement therefor had been made on behalf of the defendant with his assignor. The defendant had set forth a copy of the agreement in its answer, so that it could not have been misled as to the character of the averments, or as to the proof by which they were to be sustained; nor could the defendant object that the instrument contained other conditions to be observed by Taggart in the rendering of such services.

The objection by the defendant that the agreement was, upon its face, not its own agreement, but an agreement of Green, its manager, is not tenable. The defendant, in setting forth the agreement, had alleged that it had been made by Green "as manager of the defendant corporation." The agreement itself purports to have been on behalf of the defendant, and recites that the consideration for the agreement to render the services is the agreement by Green, "as manager of the said mining company, to pay me the sum of seventy-five dollars per month," etc. If there was any ambiguity in

the instrument itself, it was made clear at the trial by the testimony of Green that it was executed by him on behalf of the defendant, and the jury was authorized in finding that it was the agreement of the defendant. The judgment and order are affirmed.

We concur: Paterson, J.; Garoutte, J.

May 1, 1894.

PER CURIAM.—The judgment heretofore rendered upon the appeal herein is modified to read as follows: "The order appealed from is affirmed, and if, within fifteen days after the filing of the remittitur in the court below, the plaintiff shall file a stipulation remitting the sum of $525 from the amount of the verdict, in accordance with the terms of the order, the superior court is directed to modify the judgment accordingly, and, as so modified, the judgment will stand affirmed. Costs of this appeal to be borne by the appellant."